(Court of Appeal, Parish of Orleans.)

## MRS. MARY LINDHEIM vs. MRS. N. ABBOTT, ET AL.

1. Estoppel must be specially pleaded.
2. The issues of fact herein are resolved in favor of plaintiff.

Appeal from the Civil District Court, Division "A."

P. L. Fourchy, for plaintiff and appellant.

McLoughlin and Rosenberg, and Tessier and Tessier, for defendants and appellees.

DUFOUR, J.—Alleging that her furniture has been illegally seized for rent due by her son-in-law, the plaintiff sued out an injunction against such seizure and also asked for damages.

The reasons for judgment, given in refusing a new trial, show that the decision was rested exclusively on the ground of estoppel. We quote them in full:

"The weight of the evidence is that plaintiff represented to the defendant lessor, Mrs. Abbott, that the furniture belonged to Dr. Cohn; under this impression she leased to Dr. Cohn believing as the result of plaintiff's representations or conduct, that the furniture would secure the payment of the rent. Plaintiff, as well as Dr. Cohn and wife, had the shelter of defendant's house for themselves and for plaintiff's furniture. Plaintiff is estopped from denying that the furniture is liable for the rent. New trial refused."

The rule of law is that estoppel must be specially pleaded.

Wood vs. Nicholls, 33 An. 744 (Subsequently affirmed.)

As there is no such plea in the record the ruling of the district judge is erroneous.

We must therefore examine the evidence which comes to us without any suggestion from the district judge as to credibility.

Several witnesses swear that the furniture belonged to the plaintiff; policies of insurance are produced which corroborate this. Against this, the only proof offered, is the testimony of the lessor's sister that when the house was rented, the plaintiff told the lessor that the furniture belonged to Dr. Cohn.

Neither this nor the fact that plaintiff made a mistake as to who signed the first, and who the second lease, is sufficient to discredit the plaintiff and her witnesses in their statement that the property was hers.

The seizure, having been made after the property was removed from the leased premises, was illegal.

The property was not removed and the plaintiff was subject to no special inconvenience by the seizure; we think an allowance of $50 (fifty dollars), will sufficiently compensate her.

Judgment reversed and it is now ordered that there be judgment in favor of plaintiff and against defendants perpetuating the injunction and declaring the plaintiff to be the owner of the property claimed by her, with fifty dollars damages as against Mrs. Abbott, costs of both courts to be paid by defendants.

St. Paul, J., takes no part.

January 23, 1911.

### On Rehearing.

Evidence which is admissible under the pleadings can not serve to enlarge them, even though received without objections.

ST. PAUL, J.—We perceive no error in the decree

heretofore handed down. It is suggested that the evidence admitted without objection which served to enlarge the pleadings so as to admit of an estoppel. This we cannot concede; the evidence was admissible under the pleadings for other purposes, viz; to impeach the testimony of witnesses and to negative the fact of ownership. It could not therefore have been objected to, and hence cannot serve to enlarge the pleadings.

See **Ross vs. Rickert,**, No. 5022 of our docket.

Our former decree is now re-instated and made the final judgment of the court.

April 17, 1911.

———————0———————

5285.

(Court of Appeal, Parish of Orleans.)